**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

_____

JOHNNY RAY WHITE,

           Petitioner,

v.                                                   Case No. 07-CV-262

UNITED STATES OF AMERICA,

           Respondent.

_____

## ORDER

On May 18, 2004, a grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment charging Johnny Ray White with bank robbery by force or violence in violation of 18 U.S.C. § 2113 (Count One) and the use of a firearm during and in relation to the bank robbery in violation of 18 U.S.C. § 924 (Count Two). On May 28, 2004, White was arraigned before Magistrate Judge Patricia Gorence and pled not guilty to both counts. A jury trial commenced in this court on Tuesday, January 18, 2005, and on Thursday, January 20, 2005, the jury found White guilty of both counts. On April 1, 2005, White was sentenced to a term of 148 months' imprisonment, followed by a five-year term of supervised release; White was also ordered to pay a $2,500 fine and a special assessment in the amount of $200.

White filed a notice of appeal, and raised four issues on appeal: (1) whether the district court committed reversible error when it denied White's request for an alibi jury instruction; (2) whether the defendant's statutory and constitutional rights to a speedy trial were violated; (3) whether the district court committed reversible

error when it admitted non-authenticated evidence; and (4) whether White's Sixth Amendment rights were violated when the court enhanced his sentence under the United States Sentencing Guidelines based on determinations of fact made by the court. On April 5, 2006, the Seventh Circuit affirmed White's conviction and sentence. *United States v. White,* 443 F.3d 582 (7th Cir. 2006). White then filed a petition for a writ of certiorari, which was denied by the Supreme Court on October 2, 2006. *White v. United States,* 127 S.Ct. 302 (2006).

On March 19, 2007, White filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence he is serving. On April 4, 2007, this court reviewed his petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceeding, and directed the government and White's trial counsel to respond to the merits of White's petition by June 1, 2007. When a timely response was not filed, White moved for a default judgment. Subsequently, the government and White's trial counsel responded and the matter is now ready for decision.

**ANALYSIS**

Under the terms of § 2255, a petitioner in federal custody may challenge the validity of his confinement upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law. 28 U.S.C. § 2255. However, relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

The Seventh Circuit has held that there are three issues that cannot be brought in a § 2255 petition: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that were not but could have been raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing either of good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *rev'd on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

White's petition sets forth three grounds he believes entitle him to relief. The first two relate to ineffective assistance of counsel claims; he argues that his trial attorney, Gregory Dutch, violated his Sixth Amendment rights by: (1) failing to prevent the government from using telephone records at trial; and (2) failing to request an evidentiary hearing to challenge evidence presented by the government. At ground three, White argues that the court improperly applied a two-level enhancement for obstruction of justice.

I.  **Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims may be raised in a § 2255 petition even if a defendant did not raise these claims on appeal. *See Massaro v. United States,* 538 U.S. 500, 504 (2003). However, a petitioner bears a substantial burden

-3-

of demonstrating: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that he was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). The court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

### A. Failure to Prevent Admission of Evidence

During the trial, several witnesses testified for the defense. White's niece, Nailah Gentry, testified that she was at home on January 9, 2004, the date of the robbery. She further testified that White arrived at the house between 11:30 a.m. and 12:00 p.m. On cross-examination, the government produced Ameritech phone records to impeach Gentry's testimony that White was home during this time. The government elicited information from Gentry suggesting that she paged White by dialing his phone number at 12:36 p.m. This tended to discredit Gentry's statements that White was home with her between the time she stated, and also cast doubt on White's theory of defense, namely, that he was not present at the time and place the robbery occurred.

White first argues that Dutch was ineffective for failing to prevent the government from using telephone records to impeach a witness called by White. White frames his argument as a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

-4-

In *Brady*, the Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution." *Brady*, 373 U.S. at 87. The government's obligation to disclose information includes both exculpatory evidence and facts material to the impeachment of prosecution witnesses. *United States v. Agurs*, 427 U.S. 97, 110-11 (1976); *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982). To qualify for relief under *Brady*, the moving party must establish that: (1) the prosecution suppressed evidence; (2) the evidence allegedly suppressed was favorable to the defense; and (3) the evidence was material to an issue at trial. *Brady*, 373 U.S. at 87; *United States v. Walton*, 217 F.3d 443, 450 (7th Cir. 2000).

White argues that had the government provided the report in advance of trial, he would have been able to establish that it was White, not his niece, who placed the telephone call to the pager, therefore discrediting the government's impeachment evidence. To begin, the court finds White's explanation as to where the call originated to be illogical. If White is attempting to establish that he was at home with his niece, arguing that he was instead at another location making phone calls to his own pager certainly does not bolster his theory of defense. Furthermore, there was no *Brady* violation for the government's non-disclosure of this document prior to trial. As noted by the Seventh Circuit and the government's response to White's petition, these telephone records were used to discredit the testimony of White's niece. These records were certainly not favorable to the defense, one of the requirements

for establishing a *Brady* violation. Equally important, these records were not material to an issue at trial; they were introduced on cross-examination of a defense witness for the purposes of impeachment. *See White*, 443 F.3d at 591; *see also* Fed. R. Evid. 611(b). White is unable to establish any *Brady* violation and, therefore, he is unable to establish ineffective assistance of counsel on the grounds that his attorney failed to object to the admission of records that were not disclosed in violation of *Brady.*

**B.     Failure to Request a Hearing**

White also argues that his attorney failed to request a hearing to determine the admissibility of evidence offered by the government. He argues that Officers Zack and Bichler prepared police reports that the passenger seated in the get-away car was wearing a green cap. At trial, the Officers testified that their testimony regarding the green cap was incorrect. White also states that the gun recovered had a different tag number than the gun introduced at trial, and this fact should have provided his lawyer with reason to request a hearing to challenge the admission of this evidence. White argues that had Dutch properly prepared for trial, he would have requested an evidentiary hearing challenging the officers' testimony and the admission of the gun.

Challenging testimony or evidence at an evidentiary hearing is not the proper way to challenge or impeach evidence. The appropriate manner for challenging evidence it through cross-examination of the witnesses during trial. As Dutch states in his affidavit submitted to the court, this is precisely what he did; he cross-

examined the officers as to what they saw in the get-away vehicle. (*See* Dutch Aff'd ¶ 3.) Requesting an evidentiary hearing on this matter would have been futile, and Dutch was not incompetent for failing to do so.

Dutch further averred that he recalled cross-examining the tellers at the bank with respect to the gun they observed being used by the robber. (Dutch Aff'd ¶ 4.) Again, this is an appropriate manner to challenge government evidence; requesting a pretrial evidentiary hearing is not. More to the point, White is unable to establish either of the *Strickland* prongs because failure to request an evidentiary hearing does not fall below an objective standard of reasonableness, and furthermore, White was not prejudiced by the absence of an evidentiary hearing.

## II.   Sixth Amendment Right to a Jury Determination

At his final ground, White argues that the two-level enhancement imposed by the court for obstruction of justice violated his right to proof beyond a reasonable doubt. To begin, White brought this precise argument before the Seventh Circuit, which affirmed his conviction and sentence. *See White*, 443 F.3d at 592-93. Therefore, White is estopped from again relitigating this claim. *See, e.g., United States v. Joiner*, 847 F.Supp. 604 (N.D.Ill. 1994). Even if the court were to consider this claim, it is without merit. As the Seventh Circuit held in affirming his case, in *Booker*, "the Supreme Court held that a Sixth Amendment problem arises where the sentence exceeds the statutory maximum for the charged crime or is imposed under a mandatory sentencing scheme, not that district courts may not conduct judicial fact-finding." *White*, 443 F.3d at 592. This court considered the facts presented at

trial in assessing whether or not an obstruction of justice enhancement for fleeing the scene of the crime was appropriate pursuant to U.S.S.G. § 3C1.2. Several witnesses testified to the high-speed chase following the robbery, which the Seventh Circuit noted was "'clearly the sort of reckless behavior covered by § 3C1.2.'" *Id.* (quoting *United States v. Giacometti*, 28 F.3d 698, 701 (7th Cir. 1994)). Therefore, even if White were able to present this claim to the court, it is without merit because the court's finding that the two-level enhancement applied was amply grounded in the facts presented at trial and did not violate his Fifth or Sixth Amendment rights.

White also requested an evidentiary hearing, which must be denied. Evidentiary hearings are not an automatic course in § 2255 proceedings; it is within the court's discretion to determine whether or not an evidentiary hearing is appropriate. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Summary dismissal of a § 2255 petition is appropriate when the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989) (citing 28 U.S.C. § 2255). If it plainly appears on the face of the petition, affidavits, responses, and prior proceedings that a litigant is not entitled to relief, the court may dismiss the petition without a hearing. *See Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). Here, the court determines that, on the face of the written record, White is not entitled to relief and is, therefore, obliged to dismiss his petition.

Accordingly,

**IT IS ORDERED** that White's petition under 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that White's motion for a default judgment (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that White's motion for judicial notice (Docket #6) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that White's motion for a hearing (Docket #12) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that White's motion for a disposition (Docket #13) be and the same is hereby **DENIED** as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge