# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOHNNY RAY WHITE,

        Petitioner,

v.                                               Case No. 07-CV-262

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On April 30, 2008, this court issued a decision and order denying Johnny Ray White's petition filed pursuant to 28 U.S.C. § 2255 and dismissed the action. Thereafter, on May 19, 2008, White filed a notice of appeal and a request for a certificate of appealability ("COA"). The request for a COA is presently before the court for review and, for the reasons set forth below, White's request for a COA will be denied.

After a careful review of the record and the court's April 30, 2008 order, the court does not find that his request for a COA should be granted. Pursuant to 28 U.S.C. § 2253(c), the district court must consider whether to grant a certificate of appealability. The statute states that an appeal may not be taken unless a "circuit justice or judge" grants a certificate of appealability, and Rule 22 of the Federal Rules of Appellate Procedure provides that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

A prisoner seeking a COA must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322. 327 (2003), rev'd on other grounds, *Miller-El v. Dretke,* 545 U.S. 231 (2005).

White argues that the court incorrectly denied his ineffective assistance of counsel claim and that the court misunderstood his argument regarding his *Brady* claim and alibi defense. In the court's order dismissing White's § 2255 petition, it carefully analyzed his ineffective assistance of counsel claims under the familiar *Strickland v. Washington*, 466 U.S. 668 (1984) standard, and found that White was unable to meet either of the *Strickland* prongs to succeed on his claim. Additionally, White was not able to set forth a viable *Brady v. Maryland,* 373 U.S. 83 (1963) claim. As noted in the order denying White's § 2255 petition, White was not able to establish any of the three prongs for a *Brady* claim with the argument he presented, and his claim was properly denied. Even if the court did misunderstand White's argument about the telephone records, White himself misunderstands that the records were introduced by the government for impeachment purposes during White's niece's testimony. Therefore, as the court set forth in the order denying his petition, the records were not materials the government was required to produce to comply with

the requirements of *Brady.* White is unable to meet either prong of the *Strickland* standard and likewise unable to establish ineffective assistance of counsel.

Therefore, the court is satisfied that White has not presented any issues where "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," and he is accordingly not entitled to a COA. *See Slack v. McDaniel,* 529 U.S. 437, 484 (2000).

Accordingly,

**IT IS ORDERED** that White's request for certificate of appealability (Docket #17) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge