# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOHNNY RAY WHITE,

        Petitioner,

v.                                                           Case No. 07-CV-262

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

Nearly two years ago, this court denied the petition of Johnny Ray White ("White") for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Docket #14). The petitioner's attempts to appeal the decision of this court failed, as the Seventh Circuit, on November 13, 2008, finding "no substantial showing of a denial of a constitutional right," denied White's request for a certificate of appealability and White's motion to proceed *in forma pauperis.* (Docket #25). Nine months later, on August 17, 2009, petitioner, Johnny Ray White ("White") filed a motion with this court to "issue an order directing the . . . United States Attorney for the Eastern District of Wisconsin to show cause why the Petitioner [sic] should not be granted." (Docket #26).

The petitioner's motion, hardly a model for clarity, appears to be asking, pursuant to 28 U.S.C. §§ 1734 and 1735, for a hearing to determine the content of records for which he and the United States Attorney's Office and the Clerk's Office of this court have been unable to locate. White's motion is propelled by his request last year for a copy of several pages of the pager phone records that were used to

discredit a witness at his criminal trial in 2004. Because the United States is a party to this action, the determination regarding whether an evidentiary hearing is needed is guided by 28 U.S.C. § 1735(b),[1] which requires:

> Whenever the United States is interested in any lost or destroyed records or files of a court of the United States, the clerk of such court and the United States attorney for the district shall take the steps necessary to restore such records or files, under the direction of the judges of such court.

28 U.S.C. § 1735(b) is a discretionary rule that requires a hearing to restore a record "only where a judge of the district court so directs." *Rivers v. United States*, 923 F. Supp. 92, 98 (W.D. Va. 1996). In this case, White's motion, which contains a letter from the United States Department of Justice, demonstrates that the United States Attorney has taken the necessary steps in attempting to restore the records in question. While the Department of Justice was unable to locate the supposed missing pages, nothing in the petitioner's motion to the court indicates that having a hearing to restore the record is either necessary or would be productive. Moreover, this court has already dismissed White's habeas petition. Inasmuch as the petitioner seeks the records from his trial to support another § 2255 challenge to the validity of that conviction, any petition would be successive and likely

---

[1] Initially, its not entirely clear to this court that 28 U.S.C. § 1735 is a proper vehicle for obtaining a copy of a record after a conviction has become final. The dearth of case law on the statute seems to indicate that § 1735 is used quite sparingly, such as when a court must authenticate evidence whose authenticity is dependent on a evidence that is lost, such as an affidavit. *See, e.g., United States v. Scully*, 546 F.2d 255, 270 (9th Cir. 1976). Nothing, including the petitioner's motion, demonstrates that § 1735 has any relevance to the case at hand, where the court has no reason to make a determination on the evidence, as the court has already dismissed White's petition. Nonetheless, the court will address the merits of the petitioner's argument.

dismissed by this court.[2]  As such, holding a hearing to find the missing pages of a criminal record would likely be a "grand waste of efforts by both the court and the parties."  *Mark Travel Corp. v. Walter*, No. 09-CV-101, 2009 U.S. Dist. LEXIS 115506, at *17  (E.D. Wis. Dec. 11, 2009).  Finally, the court notes that "a prisoner has no constitutional right" to receive a free copy of trial records post-appeal.  *United States v. Groce*, 838 F. Supp. 411, 416 (E.D. Wis. 1993) (denying a defendant's motion for transcripts as the opposite ruling would "encourage 'fishing expeditions' and other abuses by potentially litigious prisoners.")  The court directs the petitioner to follow the recourse suggested by the Department of Justice in the letter sent to Mr. White if the petitioner is displeased with the decision of the administrative agency.

Accordingly,

**IT IS ORDERED** that the petitioner's motion "for order pursuant to USCA 28-1735b, 1734b" (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2]  The general rule is that "a claim presented in a second or successive habeas corpus application under section 2255 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). While § 2244(b)(1) provides exceptions to this rule, White has not indicated that any of those exceptions apply or that the claims he seeks to pursue are different than those he previously brought.